## CHARLES G. KNOX *versus* WILLIAM TUCKER.

In an action of trespass *quare clausum* for breaking and entering the plaintiff's close, by the defendant's cattle, in order to sustain the defence that the cattle were lawfully on the adjoining close, and escaped therefrom in consequence of the neglect of the plaintiff to maintain his part of the partition fence, it must appear that there has been a division of the fence, either by fence-viewers, by a valid agreement between adjoining owners, or by prescription.

The division must be such as to impose on the plaintiff the obligation to build and maintain a legal fence, upon a certain, well defined portion of the line.

If there has been no such division of the fence, each party is bound, at his peril, to keep his cattle upon his own land.

An agreement for the division of the line fence, by adjoining owners, in order to be binding on them and their privies, must be in writing.

Knox *v.* Tucker.

In a case in which a line fence was built in separate portions by the adjoining owners, and maintained by them in the same manner for more than twenty-five years, some agreement or grant, by which a legal division of the fence was established, may well be presumed.

ON REPORT from *Nisi Prius*, MAY, J., presiding.

TRESPASS *quare clausum*, in which the plaintiff alleged that the defendant's cattle broke and entered his close.

The defence was, that the cattle were lawfully in the adjoining close, and escaped therefrom through the neglect of the plaintiff to maintain his part of the partition fence.

It was admitted that the plaintiff was entitled to recover, unless the evidence established the defence.

The evidence was that, about thirty years before the trial, one Forbes owned the plaintiff's lot, and one Roberts the adjoining lot; and at that time, while they were occupying and improving their lots, Forbes built a certain portion of the fence, and Roberts a certain other portion of it, and that these fences had ever since been recognized as the division fence; that the part of the fence built by Forbes was rebuilt by the occupant of his lot in 1853; that Roberts said, when he built his fence, that a division of the fence had been agreed upon; that the cattle were being depastured by the owner of the Roberts lot, for the defendant, and escaped into the plaintiff's close through that part of the fence built by Forbes.

*W. W. Bolster*, for plaintiff.

At common law, the tenant was not obliged to fence against his neighbor, but each was bound, at his peril, to keep his cattle on his own close. *Rust* v. *Low*, 6 Mass., 90; *Little* v. *Lathrop*, 5 Maine, 357.

Our statute has changed the common law, only in cases in which there has been a legal division of the fence in some mode. *Lord* v. *Wormwood*, 29 Maine, 282.

A parol division is not sufficient. *Ellis* v. *Ellis*, 39 Maine, 527. There is not sufficient evidence to establish a division by prescription. The time has not been long enough. *Binney* v. *Hull*, 5 Pick., 503.

*M. T. Ludden,* for defendant.

The opinion of the Court was drawn up by

KENT, J.—It is admitted that the plaintiff is entitled to recover, unless the facts stated by witnesses constitute a defence. The facts alleged, and relied upon are, that the cattle were lawfully on the adjoining close, and, that they escaped therefrom in consequence of the neglect of the plaintiff to maintain his part of the partition fence. R. S., c. 23, § 5.

It is now the well settled law in this State, and in Massachusetts, that the neglect, which is made a bar to recovery in an action of this kind, can arise only from a division of the fence, either by fence-viewers, acting under the statute, or by a valid and binding agreement between the parties owning adjoining lots, or by prescription.

The division must be such as imposes the obligation, upon the party injured, to build and maintain wholly, upon a certain well defined portion of the line, a legal fence. The general rule is, that every man must, at his peril, keep his cattle on his own land; and, it is no defence if he shows that his neighbor had no fence, or an insufficient one. The only defence he can set up is, that his neighbor had neglected to maintain the portion of the dividing fence which had been assigned to him in one of the ways before stated. *Sturtevant* v. *Morrill,* 33 Maine, 62; *Webber* v. *Closson,* 35 Maine, 26; *Lord* v. *Wormwood,* 29 Maine, 282; *Thayer* v. *Arnold,* 4 Met., 589. The owner of the cattle is responsible, although he is not the owner of the close from which the cattle escaped, and, although they were depastured on hire by the owner of the close. *Sheridan* v. *Bean,* 8 Met., 284.

In this case, no statute assignment by fence-viewers has been produced, nor any written agreement between the owners in relation to a division, and no sufficient evidence of any parol agreement. There is the declaration of one party, that a division had been agreed upon, but no evidence that the other party assented; and, according to the

case of *Heath* v. *Ricker*, 2 Maine, 72, such agreement, to be binding on parties and privies, must be in writing. *Little* v. *Lathrop*, 5 Maine, 357, citing *Rust* v. *Low*, 6 Mass., 90.

It appears that, about thirty years ago, the occupants of the adjoining lots built in separate portions a fence, extending about 82 rods to a brook, but, as it would seem, not the whole extent of the dividing line. This fence remained until 1853, when the plaintiff's part was rebuilt, not on the same line, but ranging from the line on to plaintiff's lot. There had been a dispute about the fence for the last five years, and plaintiff had removed part of the fence. There being no statute assignment, and no written agreement being produced, the only remaining question is, whether the facts above stated establish an obligation by prescription. To prove a prescriptive right, or duty, proof of usage may be admitted. *Heath* v. *Ricker*, 2 Maine, 74.

In the leading case of *Rust* v. *Low*, 6 Mass., C. J. PARSONS says, — " Prescription to fence is allowed at common law, as resulting from an original grant or agreement, the evidence of which is lost by lapse of time. Ancient assignments by fence-viewers, and ancient agreements made by parties, may have once existed and be now lost by lapse of time."

*Binney* v. *Prop'rs of Hull*, 5 Pick., 504, is a case where the Court finds that a prescription is established by long continued occupation, although there was no direct evidence of any actual division in fact. In this case, we have the fact that, about thirty years before the trial, this dividing fence was actually built in separate portions by the owners. It never was a joint fence on any part of the line. We know that it was, from the time it was first erected, a fence built by the respective owners, each building a distinct portion. This occupation continued undisturbed and unquestioned for, at least, twenty-five years. When the plaintiff rebuilt his part in 1853, he made no claim on the owner of the adjacent lot to build it as a joint fence, although he built it for a line fence. He took no steps to call on fence-viewers. The tendency of modern decisions and statutes has been to diminish the length

of time required to establish or limit rights by prescription or by statutes of limitation. In view of the facts in this case, we conclude that we may safely presume some original grant or agreement between the parties by which a legal division of the fence was established.        *Plaintiff nonsuit.*

TENNEY, C. J., APPLETON, RICE, GOODENOW and DAVIS, JJ., concurred.