CHALMERS HARLOW, appellant, *vs.* BRADLEY V. STINSON.

*Partition fence—division of—by prescription.*

The respective owners of adjacent lands may become bound by prescription, to maintain specific portions of their partition fence.

Thus, in replevin for the plaintiff's oxen, which escaped from his land to the adjoining land of the defendant, and by the latter taken up and impounded, the jury were instructed that if they should find that the owners of the adjacent lands, or their grantors or persons from whom they respectively derived title, severally maintained and supported well defined and specific portions of the line fence for twenty consecutive years, each repairing his own part, recognizing his obligation to do so, it would be a division of such fence by prescription; and thereafter, it would be obligatory upon such owners, to keep in repair such portions as they had so severally maintained for twenty years; and that if the jury find that the cattle escaped from the plaintiff's close to the adjoining close of the defendant, over that part of the line fence, which the defendant, under the foregoing rule had become liable to keep in repair, which was out of repair, then the restraining and impounding of the cattle by the defendant was unlawful. *Held,* that the instruction was unexceptionable.

Parol evidence is admissible to show the division of a line fence made more than forty years before.

ON EXCEPTIONS.

REPLEVIN of six oxen, property of the plaintiff, taken upon the defendant's land, to which they had escaped from the plaintiff's adjoining land, and by the defendant impounded.

It was contended by the plaintiff, that the partition fence between their respective adjacent lands had been divided more than forty years before, and that the plaintiff's oxen had escaped from his close to that of the defendant, through a defect in that portion of the partition fence which the defendant was bound by prescription to maintain.

The plaintiff introduced parol testimony, which was admitted against the seasonable objections of the defendant, to show a division of the fence more than forty years ago.

The presiding judge instructed the jury that if they should find that adjacent owners of the land or their grantors or persons from

whom they derived title severally, maintained and supported well defined and specific portions of the line fence for twenty consecutive years, each repairing his own part, recognizing his obligation to do so, it would be a division of such fence by prescription; and thereafter it would be obligatory upon such owners to keep in repair such portions as they had so severally maintained for twenty years, and that if the jury find that cattle escaped from the close of the plaintiff to the close of the defendant over that part of the line fence, which the defendant, under the foregoing rule had become liable to keep in repair, which was out of repair, then the restraining and impounding of such cattle by the defendant was unlawful.

The verdict was for the plaintiff; and the defendant alleged exceptions.

*W. P. Hall*, for the plaintiff.

*J. W. Spaulding*, for the defendant.

1. R. S., c. 23, § 4, provides that if the beasts were lawfully on the adjoining lands, and escaped therefrom in consequence of the neglect of the person suffering damage to maintain his part of the partition fence, their owner shall not be liable therefor.

'His part of the partition fence,' means only such part as has been assigned by virtue of c. 22, § 13, by fence viewers or by recorded written agreement of parties.

No other method is pointed out in the statute, so that each could 'maintain his part.'

The statute was intended to take away the common-law mode of assignment by prescription.

Prescriptive rights are recognized in c. 92, on Flowage; c. 105, Real actions; c. 81, Payment; c. 18, Ways, etc., etc., but not in c. 22 or 23.

2. Two fundamental elements enter into prescriptive rights—a reason and a necessity. There is no necessity for assignment of partition fence by prescription.

If fence can be divided by prescription, the lands cannot be subsequently made common.

3. The question was not in issue in *Rust* v. *Low*, 6 Mass. 90. That was decided before the statute 1785, when there was a necessity for it.

The subsequent cases recognizing prescription in Maine, rest upon the *dicta* in *Rust* v. *Low*, as *Heath* v. *Ricker*, 2 Maine, 69; *Little* v. *Lothrop*, 5 Maine, 357; *Knox* v. *Tucker*, 48 Maine, 375.

On the other hand are *Sturtevant* v. *Merrill*, 33 Maine, 64; *Webber* v. *Closson*, 35 Maine, 28; *Bradbury* v. *Guilford*, 53 Maine, 99.

4. But if prescription exists at all in such cases, it must be by virtue of 'a usage beyond the time of memory.' *Knox* v. *Tucker*, *supra; Wright* v. *Wright*, 21 Conn. 329.

APPLETON, C. J. 'Prescription to fence,' says Parsons, C. J., in *Rust* v. *Low*, 6 Mass. 97, 'is allowed at common law, as resulting from an original grant or agreement, the evidence of which is lost by lapse of time. . . . The country has now been settled long enough to allow of the time necessary to prove a prescription; and ancient assessments by fence-viewers, made under the late provincial laws, and also ancient agreements made by the parties, may have once existed, and be now lost by lapse of time.

'Every person, then, may distrain cattle doing damage on his close, or maintain trespass against the owner of the cattle, unless the owner can protect himself by the provisions of the statute, or by a written agreement, to which the parties to the suit are parties or privies, or by prescription.' Such was the law of Massachusetts at the time of the separation of this State, as determined in that case, and subsequently sanctioned by repeated decisions.

In *Heath* v. *Ricker*, 2 Maine, 72, it was decided that parol proof of usage in the maintenance and repair of separate portions of a partition fence, was admissible evidence to show a prescription. In *Little* v. *Lathrop*, 5 Maine, 357, the court fully affirmed the law as laid down by Mr. Chief Justice Parsons, in *Rust* v. *Low*, and held that when there was no prescription, agreement, or statute assignment, no tenant was bound to fence against an adjoining close;

but, in such case, there being no fence, each owner was bound at his peril, to keep his cattle on his own close. In *Knox* v. *Tucker*, 48 Maine, 375, Mr. Justice Kent uses the following language : ' It is now the well-settled law in this State, and in Massachusetts, that the neglect, which is made a bar to recovery in an action of this kind (*trespass quare clausum*), can arise only from a division of the fence, either by fence viewers, acting under the statute, or by a valid and binding agreement between the parties owning adjoining lots, or by prescription.

The counsel for the defendant, in his very able and ingenious argument, has called our attention to certain decisions of this court, as indicating a different view of the law on this subject. On examining, however, the cases to which we have been referred, it will be found that the question of prescription was not considered or discussed by the court. In *Sturtevant* v. *Merrill*, 33 Maine, 63, there was no evidence tending to show a prescription, nor did any question relating to this subject arise. That the views of Mr. Justice Tenney were in accord with the previous decisions of this court, is abundantly manifest by his subsequent concurrence in the opinion of Mr. Justice Kent, in *Knox* v. *Tucker*, to which reference has been had. In *Webber* v. *Closson*, 35 Maine, 26, it appeared that the parties had jointly maintained a partition fence. There was no particular portion, therefore, that either the plaintiff or the defendant, was bound to keep in repair. It was for the plaintiff, therefore, to keep his own sheep on his own land. In *Bradbury* v. *Guilford*, 53 Maine, 99, the question of prescription is not discussed, nor is there in the opinion anything adverse to the previous decisions of this court.

In *Wright* v. *Wright*, 21 Conn. 330, it was held that a party was ' not precluded by anything in the nature of a statute of limitation.' But in Connecticut, a party is obliged to fence against cattle at his own risk, while in this State, the owner must see to it that his cattle do not trespass upon the land of others. In *Wright* v. *Wright*, the court was divided. So in *Glidden* v. *Fowle*, 31 N. H. 147, it was held that there was no law of prescription to fence,

but that the statute law was the only law of the State governing partition fences.

The statute of Massachusetts on the subject of fences is almost identical with that of this State. In *Thayer* v. *Arnold*, 4 Met. 589, after a full examination of the subject, the court say the common law as to prescription was not altered by the statutes relating to fences; and, as has been seen, such has been held to be the law in this State. *Exceptions overruled.*

KENT, WALTON, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.