JAMES KNEALE, Respondent, v. H. R. PRICE, Appellant.

Kansas City Court of Appeals, February 6, 1888.

1. FENCES — DIVISION BUILT BETWEEN ADJOINING LAND OWNERS. A partition fence built jointly by parties under agreement is not subject to the incidents of a statutory fence, provided for by section 5656, Revised Statutes.

2. PRACTICE—PLEADING—EVIDENCE, DEMURRER TO—CASE ADJUDGED. The court, after animadverting upon the vague and indefinite character of the averments of the petition in this case and upon a review of the evidence, considers that the demurrer to the evidence should have been sustained.

APPEAL from Holt Circuit Court, HON. CYRUS A. ANTHONY, Judge.

*Reversed.*

The case is stated in the opinion.

T. C. DUNGAN, W. R. HOFFMAN, and H. S. KELLEY, for the appellant.

I. The court erred in refusing to give the instruction in the nature of a demurrer to the evidence, asked by the defendant at the close of plaintiff's evidence. The contract between Smith, defendant's grantor, and plaintiff was a personal undertaking upon the part of Smith, and would not be binding upon Price, unless he undertook and promised or assumed Smith's obligation to keep it. The mere transfer of the land to defendant

would not impose any duty or obligation upon him to carry out a verbal contract made by his grantor concerning a division fence, of which he had no knowledge at the time of such transfer. "A purchaser who takes without notice of an agreement to join fences will not be bound thereby." *Houx v. Seat*, 26 Mo. 178. A purchaser of lands take it discharged of all liens, incumbrances, or equities of which he has no notice, actual or constructive. *Gill v. Clark*, 54 Mo. 415; *Skinner v. Purnell*, 52 Mo. 96; *Adams v. Buchanan*, 49 Mo. 64; *Zoll v. Carnahan*, 83 Mo. 35; *Moeller v. Holthaus*, 12 Mo. App. 526; *Bronson v. Wanzer*, 86 Mo. 408; *Hagman v. Shaffner*, 88 Mo. 24. There was no covenant or obligation upon the part of Smith that would affect the land in any manner whatever. In a case where two adjoining owners of premises agreed under seal, but not recorded, that one was to build a party wall, and the other, when he should use it in the construction of his building, was to pay half the cost of the wall, it was held that cross easements were created as to each owner, and a purchaser with notice would take the estate burdened with that liability; but a purchaser, without actual notice, would not be bound by such agreement. *Sharp v. Cheatham*, 88 Mo. 498, and cases cited. It is the general doctrine, that whoever purchases lands upon which the owner has imposed an easement of any kind, takes the title subject thereto, provided he has notice of it at the time of purchasing. *Parker v. Nightingale*, 6 Allen (Mass.) 341.

II. The court erred in the instructions given for plaintiff because there was no evidence supporting them. So, also, in refusing those asked by defendant, which were supported by competent and material evidence.

III. The verdict was against the instructions as given, and was also against the evidence.

IV. The court erred in permitting plaintiff to testify as to the amount of damages he had sustained. He should have stated the facts only, and the jury should be left to determine the amount of damages.

V. The jury were not bound to take the opinion of a witness as to the measure of damages, and the court should have instructed them on that subject.

VI. The court erred in overruling defendant's motion for a new trial ; the causes therefor showing that the same should have been granted.

AUSTIN & PARRISH, for the respondent.

I. The court did not err in overruling the demurrer to the evidence. The evidence tended to prove the averments of the petition. Besides, the consideration was a continuing one, and defendant acquiesced in performing it, and recognized it by acts. *Jeffries v. Burgin*, 57 Mo. 327.

II. The obligation by each to maintain a certain part of the fence, serving as part of both enclosures, may be created either by statutory proceedings, or by agreement or acquiescence of the parties ; and the latter was shown fully in this case.

III. The court did not err in the first instruction given for plaintiff. Even if defendant learned for the first time after the purchase what the arrangement between his grantor and plaintiff was, and then assented to, or acquiesced in, such arrangement, and thereafter both used the whole fence as a part of their respective enclosures, and each repaired his part as so divided, the obligation was complete. The appellant, in his third instruction given, submitted the case to the jury on the same theory and cannot complain. *Fairbanks v. Long*, 91 Mo. 628 ; *Holmes v. Braidwood*, 82 Mo. 610 ; *Noble v. Blount*, 77 Mo. 235.

IV. The court did not err in refusing instruction number five asked by defendant. (*a*) Because such instruction as asked and as shown in the record in this court commenced, " Unless the jury believe from the evidence that defendant," etc. The appellant's printed record shows the word, "plaintiff," substituted for the word, "defendant," in that instruction. (*b*) Because the proposition embraced therein was fully put to the

jury in the first instruction given at his request. *State v. Jump*, 90 Mo. 171 ; *Keim v. Railroad*, 90 Mo. 314.

V. The sixth instruction refused was fully covered by the second given to the jury at appellant's request.

VI. The court did not err in refusing the seventh instruction. In any event, if error, it was without prejudice, as the verdict of the jury was only for nominal damages. In such state of the record the court will not reverse even if error was committed.

VII. The case of *Houx v. Seat*, 26 Mo. 178, is not in point. In that case there was a mere license to join fences—each proprietor built his fence entirely on his own land. The law only applies to partition fences on the line between adjacent proprietors.

PHILIPS, P. J.—The petition charges that plaintiff and one Smith, being the owners of adjoining lands, by agreement, erected a division fence, plaintiff building the north half, and said Smith the south half, each to own and maintain his part of said fence; that, on the thirty-first of December, 1881, Smith sold his land to defendant, Price, and put him in possession of the same; and at the time of the transfer defendant was notified of the arrangement between plaintiff and Smith, and of the obligation of each to keep in repair and maintain his part of said fence, and accepted, acquiesced in, and consented to, said agreement, and took charge and control of said fence, and thereafter it became the duty of defendant to keep and maintain said fence; that plaintiff performed his part, but defendant failed and refused to perform his part, of said agreement, but suffered his part of the fence to get down and out of repair, whereby plaintiff sustained damages, etc.

Verdict and judgment for plaintiff for one dollar. Defendant has appealed.

This action is not predicated of a statutory partition fence. The fence to which the statute applies is such as is provided for by section 5656, Revised Statutes.

A partition fence built jointly by parties under agreement is not subject to the incidents of a statutory fence. The petition is predicated of a division fence built under contract between adjoining land-owners. For the rights, obligations, and duties of the parties we are to look alone to the private contract. The plaintiff in this action must recover, if at all, upon the facts of the cause of action stated in the petition. What are they? That the plaintiff and one Smith being the owners of adjoining lands, by agreement, erected the division fence between them, which agreement bound the plaintiff to build and maintain the north half, and Smith the south half thereof. This it may be conceded was sufficient, as between plaintiff and Smith, to bind them to the obligation of keeping up their respective portions of the fence. But, being a mere parol contract, it was not such an obligation as ran with the land, so as to attach the burden to the land in the hands of a subsequent purchaser by the mere act of purchase. This is conceded ; and the petition, also, recognizes it. Therefore, in order to fix a liability upon the defendant, he is proceeded against as a subsequent purchaser with notice, and not otherwise. The averment is, that "at the time of the transfer defendant was notified of *the agreement* between plaintiff and Smith, and of the obligation to keep in repair and maintain his part of said fence, and accepted, acquiesced in, and consented to said agreement." So it at once becomes apparent that we must wholly put aside, as outside of the issues, plaintiff's suggestion, that, although the defendant had no such notice at the time of his purchase, and did not then consent to such agreement, yet, if afterwards he learned of the agreement between plaintiff and Smith, and made no objection thereto, and recognized the existence of the fence as a partition fence, the plaintiff should recover. If defendant did not buy with such notice, and did not then consent to such agreement, but afterwards acquiesced in the partition of the fence, the petition should

have counted on this new agreement, which would be wholly independent of the contract between plaintiff and Smith, [and must stand upon a new consideration. This is too clear for argument or authority to be called to its support.

Did the evidence support the allegations of the petition? It wholly fails to show that defendant, at the time of his purchase from Smith, had any notice of the alleged agreement respecting the fence. Defendant was not even in the state at the time. He had seen neither the plaintiff nor Smith. The purchase was made for him by one Evans. To show notice the plaintiff took and read the deposition of Smith. He testified that he had no recollection of stating to defendant anything about the agreement. He was not even questioned as to whether he made such statement to Evans. The plaintiff never saw the defendant until two months or more after the purchase. He testified that he met the defendant at some public sale, and told "Price what part of the fence was his. I told him I owned the north part of the fence." On cross-examination he could not tell the time and place where he had his first conversation with defendant. "I told him I owned the north half, and Smith the south half of it; and that he could tell where his part commenced, as it was built of eight-foot rails; he said he understood so; he did not tell me who informed him or how he heard it. Price was not in this country at the time the land was sold to him; he lived in Indiana. A man by the name of Evans bought the land of Smith for Price." There is absolutely nothing in this to show that defendant, at the time of the purchase, knew of the agreement, or that he knew what the agreement was at any time. Neither was there any evidence that defendant ever made a single repair on this fence before February, 1883, more than a year after the purchase. No court should permit a verdict to stand on such evidence, as proof of notice of an agreement between plaintiff and Smith at the time of defendant's purchase, and of his acceptance of its terms. Any such

deduction made by a jury would be from the veriest conjecture, and not from any fact established by evidence.

The demurrer to the evidence should have been sustained. Judgment reversed. All concur.