| Castner v. Riegel. | *54 N. J. L.* |
|---|---|

---

EMMELINE CASTNER v. JOHN F. RIEGEL ET AL.

1. A right in the nature of an easement may be created in favor of the owner of one of two adjoining tracts, and a correlative duty may be imposed on the owner of the other tract to have the latter perpetually maintain the whole or a part of the division fence.

2. Such a right may be created, and such a duty may be imposed, by grant or agreement, and may be established by proofs raising the presumption of grant or agreement.

3. The continuous maintenance of the whole of a division fence for the full period of twenty years by the ·owners of one tract as of duty will raise a presumption of grant or agreement for its perpetual maintenance.

4. Since our Fence act requires a line fence to be made and maintained in just proportion by the adjoining owners, which proportion may be agreed on, or fixed and determined by two of the township committee, a continuous maintenance of a part of a line fence, although for full ·twenty years and as if of duty, will not raise a presumption of a right ·to have such part perpetually maintained, for the user will be referred to an agreement or a determination fixing the proportion of the line fence to be maintained by each.

5. An agreement between such owners, or a·determination of township committeemen under the statute, will remain in force while the two tracts bear the same relation to each other. If one of them is afterward divided by conveyances so that parts of it and contiguous portions of the other tract become lands of two or more persons adjoining each other, the statute applies to the new division lines, and new cases are presented for agreement or determination under the statute.

6. A determination fixing the proportion of fence to be made and maintained by each adjoining owner should apportion the whole and not a part of the dividing line.

On *certiorari* removing to this court an order made by two ·of the township committee of the township of Washington, Warren county, determining and directing that a part of certain line fence on the line between the lands of the parties should be made and maintained by the prosecutor, Emmeline ·Castner, and another part thereof should be made and maintained by the defendant Riegel.

Argued at November Term, 1891, before Justices SCUDDER and MAGIE.

For the prosecutor, *William H. Morrow.*

For the defendants, *Oscar Jeffrey.*

The opinion of the court was delivered by

MAGIE, J. Prosecutrix attacks the order brought before ·us by this writ upon the ground that the members of the township committee were without jurisdiction to make it. Her

contention is that the defendant Riegel is bound by law to make and perpetually maintain a fence along the whole of the line in question, dividing his lands from hers, and that, consequently, the provisions of the Fence act relative to the determination of the part of a division fence to be made and maintained by each of two owners bound to make and maintain it equally cannot apply.

The Fence act imposes on the owners of adjoining lands the duty of making and maintaining a just proportion of the partition fence, except such persons as shall choose to let their adjoining lands lie vacant and open. The act provides that under certain circumstances two of the township committee may determine what part of the partition fence shall be maintained by each owner; but if one of the owners is under obligation to make and maintain the whole fence, it is obvious that the statute is inapplicable, and there will be no power to divide the fence.

Such was the interpretation given to a similar law in New York. *Adams* v. *Van Alstyne*, 25 *N. Y.* 232.

It becomes necessary, therefore, to inquire whether the obligation to make and maintain the whole of the partition fence in question rests upon the defendant Riegel. The contention of prosecutrix is that he and those under whom he claims—owners of the lands adjoining hers, and separated by the fence—have, for the period of about thirty-eight years, continually amended and maintained said fence, and that thereby a right in the nature of an easement has been acquired in favor of her lands, and a duty has been imposed upon the lands now owned by him and their owners to continually amend and maintain the fence.

That an obligation to maintain partition fences might arise by prescription which could be enforced by the writ *curia claudenda* at common law, does not admit of doubt. This right was said by Gale & Whatley to be a spurious kind of easement. *Gale & W. Easm.* 201, 202. The easement seems to be founded upon the duty which at common law required the owner of a close, at his peril, to keep his

·cattle thereon, and to prevent them from trespassing on an adjoining close, and when the owner of the latter erected a fence for his protection and maintained it for the prescriptive period, he was deemed to have discharged his neighbor from his original duty and to have become bound to protect his own ·close by some grant or agreement, the evidence of which was lost by lapse of time. But in whatever way the right arose there can be no question that it did arise by prescription at common law. *Com. Dig. Droit M.* 1 & *M.* 2; *Vin. Abr., tit. " Fences " E.; Washb. Easm.* 634; *Ivins* v. *Acherson,* 9 *Vroom* 220; *Lawrence* v. *Jenkins, L. R.* (8 *Q. B.*) 274.

Did this feature of the common law become a part of the law of New Jersey, and has it been modified or repealed by ·our legislation concerning fences? · Those questions do not seem to have been hitherto mooted in our courts.

In other states, with similar laws, such questions have been ·dealt with. The earliest case is *Rust* v. *Low,* 6 *Mass.* 90, and the opinion is by Chief Justice Parsons. It was held that, since, at the original settlement of the country, no prescription to fence could exist, the common law authorizing the writ of *curia claudenda,* being inapplicable to the state of the colony, was never introduced into Massachusetts. But it was also held that, since under their statute (which closely resembles ·our Fence act) adjoining owners were bound to make and maintain an equal part of the division fence, and could agree upon the parts to be made and maintained by each respectively, or in default of an agreement could procure an assignment of the part each should make and maintain, and since the country had then been settled long enough to allow the time necessary to prove a prescription, and ancient assignments or agreements might have existed and been lost, a right by prescription (which at common law was presumed to stand on a lost grant) might be set up and proved by ancient usage.

The doctrine of that case was applied in *Binney* v. *Proprietors,* 5 *Pick.* 503, and approved in *Thayer* v. *Arnold,* 4 *Metc.* 589, and in *Bronson* v. *Coffin,* 108 *Mass.* 175.

Evidence that a fence was originally erected by one owner of the land it adjoined and maintained for thirty years by his grantees was held to require a presumption of an original grant or agreement establishing a division of the fence and imposing an obligation to maintain. *Knox* v. *Tucker*, 48 *Me.* 373. A charge that if the owners of land or those from whom they derived title had, for a sufficient period, severally maintained well defined portions of a division fence, each repairing a part and recognizing his obligation to do so, a division by prescription was established, was held correct. *Harlow* v. *Stinson*, 60 *Me.* 347.

A valid prescription by which an owner of land would become bound to maintain perpetually the whole of a division fence between him and an adjoining owner was recognized by Judge Denio in the New York Court of Appeals, but it was held that no obligation to maintain would be established by proof that one owner had maintained for any length of time an equal or just proportion of a division fence. *Adams* v. *Van Alstyne, ubi supra.*

In the courts of New Hampshire and Connecticut the power to acquire such a right in the maintenance of a division fence by user or prescription is denied, but in the latter state the common law obligation of owner to keep upon their own land their cattle, no longer exists. *Glidden* v. *Towle*, 31 *N. H.* 147 ; *Wright* v. *Wright*, 21 *Conn.* 330.

The true doctrine upon this subject, in my judgment, lies between the extremes indicated by the decisions referred to.

A right in favor of the owner of one of two adjoining tracts of land to have the division fence perpetually maintained for the whole or a specified part of the boundary line by the owner of the other tract, may undoubtedly be created by grant or agreement. Such a right is in the nature of an easement, and is a burden imposed on a servient tenement in favor of a dominant tenement.

Easements may be established by proof of a continuous, uninterrupted and adverse user in this state for that period of time which, by analogy, now suffices for what may yet be

called prescription, viz., twenty years. *Lehigh Valley* v. *McFarlan,* 14 *Vroom* 605. Such user affords in general a conclusive presumption of a lost grant.

The difficulty in applying to the case of a boundary fence the doctrine of easements acquired by user is obvious.

The common law rule respecting the protection of lands by fences has been here modified by the statute, which imposes on owners of lands lying adjacent an obligation and duty to maintain each a just proportion of a division fence. What part each should make and maintain may be fixed by their mutual agreement or by the determination of two of the township committee, made in the manner prescribed.

When for a period of over twenty years the owner of one of two adjoining tracts has continuously, without interruption and as of duty, repaired and maintained the whole of the division fence, in my judgment a presumption would arise that he or those under whom he derived title were, as owners of a servient tenement, bound to perpetually make and maintain the fence. The existence of a former and lost agreement to do so may be inferred, and no other inference would be consistent with the circumstances.

But the difficulty arises when the owner of one tract has maintained in the manner mentioned only a part of the division fence. An obligation to perpetually maintain a specific portion of such a fence may be acquired and imposed by grant or agreement. But will the continuous maintenance for twenty years of only a part of the division fence—no grant or agreement being actually in existence—justify a presumption of an obligation to perpetually maintain that portion?

If by the statute the determination of two of the township committee fixing the portion of the division fence to be maintained by each owner is designed to fix the obligations of the owners forever without reference to subsequent changes in ownership and the introduction of new division lines, then a twenty years' maintenance of a part of the fence would justify the presumption of an obligation to maintain it, arising by an agreement or grant in respect to that part.

But such a construction of the Fence act would, in my judgment, be indefensible.   The subject of the act is the boundary fence of adjoining lands of different owners.   It obliges them to maintain such a fence in just proportion, to be fixed by agreement or determination of the township committee.   When one of two such adjoining tracts is subdivided by grant so that the boundary of the granted tract adjoins that of the tract undivided, there arises a new subject for the operation of the act, viz., the boundary fence of adjoining lands of different owners. And since the act requires the fixing of a just proportion of fence to be maintained, it is plain that the original agreement or determination must cease to operate, to be replaced by a new agreement or determination in respect to the boundary which remains between the original owners.   Any other construction would be opposed to the spirit of the act, and would produce great confusion and injustice.   The construction does no violence to the language of the act.

The result is that the continued maintenance for any length of time of a part only of a division fence must be deemed to be referable, in the absence of proof of an express agreement, to an agreement or an assignment made under the statute, and no presumption will arise of a perpetual obligation to maintain that portion of the fence.

This was the conclusion arrived at in *Adams* v. *Van Alstyne, ubi supra.*

The construction given to the Fence act harmonizes with the view that the agreement of adjoining owners respecting division of the fence between them may be by parol.   *Ivins* v. *Ackerson,* 9 *Vroom* 220.

The contention of prosecutrix that defendant Riegel is shown by the evidence to be under a perpetual obligation to maintain the fence which was divided by the determination of the township committee cannot prevail.

The evidence shows that the lands of prosecutrix and Riegel adjoin for a distance of about one hundred and eighty-three perches.   The fence which the committee divided extends for less than one hundred and eighteen perches.   It is therefore

only a part of the fence which the statute requires both adjoining owners to maintain. The proof that Riegel and those under whom he claims have continuously, and as if under duty to do so, maintained for over thirty years this part of the fence, does not establish a right in the nature of an easement for the continued maintenance thereof.

The proofs raise only a presumption that previously by agreement or determination the whole boundary line had been divided and the part which is now in question had been taken by or assigned to the owner of the land now Riegel's. Nor is this presumption affected by the fact that the part so maintained considerably exceeds the remainder of the boundary fence. The act requires each owner to make and amend a just proportion of the fence, and in declaring that it shall be equally divided requires regard to be had to the quantity of fence necessary, and other conveniences of fencing.

But the conclusion arrived at on the proofs is fatal to the jurisdiction of the township committee, for they establish either an agreement on the part of the owners of the Riegel tract to make and maintain the fence in question as the just proportion of the whole boundary fence, or a previous determination to that effect under the statutes. In either case the committeemen had no right to act.

In my judgment, jurisdiction to make any determination in respect to this fence is also shown not to exist by the mere proof that it comprises only a part of the whole division fence between the lands of the parties. The act plainly contemplates a division of the whole fence, and neither party can invoke its aid to divide it by piecemeal.