THE STATE, MARGARET TITMAN, PROSECUTRIX, v. CHARLES SMITH.

1. The division of a fence on the boundary line between two owners of land, in accordance with the provisions of the fourth section of the act of the legislature relating to fences and boundary lines (*Gen. Stat., p.* 1461), does not in any respect change the ownership of any of the materials of which the fence theretofore has been composed.

2. The adjudication of the township committee must be, having regard to the quantity of fencing and the conveniences of fencing, that an equal division shall be allotted to each owner, in such manner that each owner shall take an equal share of such fence, to make or amend and maintain thereafter at his own expense, and so that it shall be known to each owner which part thereof is his own for the purpose of making or amending and maintaining; and the township committee can exercise no further or other powers, and cannot by such adjudication of division or otherwise award any damages or money values to be paid either owner in order to equalize such division.

On *certiorari.*

For the prosecutrix, *L. De Witt Taylor* and *Joseph M. Roseberry.*

For the defendant, *Henry S. Harris.*

Argued at June Term, 1897, before Justices GARRISON and LIPPINCOTT.

The opinion of the court was delivered by

LIPPINCOTT, J.   This writ brings up for review the division, by William Miller, Jr., and Elias J. Mackey, two of the township committee of the township of Oxford, in the county of Warren, of the line fence between the lands of the prosecutrix and Charles Smith, situate in that township. The application to the township committee to divide the line fence was made by Charles Smith.

The proceedings of the township committee are in conformity with the provisions of the statute of this state relating to fences and boundary lines.   *Gen. Stat., p.* 1461, § 4.   The proceedings upon their face are in all respects unimpeachable.

The sole argument of the prosecutrix rests in the conception that some portion of the old fence rails, or the materials which constituted the old fence, which had subsisted between the lands of the prosecutrix and the defendant, had changed ownership by reason of the adjudication made by the township committee, or, in other words, that because the division of the parts of the fence to be maintained by each party, the property which the prosecutrix had in the fence rails of the portion of the fence which had been assigned to the defendant, to keep and maintain, before the division, belonged to her, and that, therefore, by the division, such rails were a benefit to the defendant in the maintenance of his share of the fence, for which she had received no compensation, but for which she should be paid.

So far as this contention, as matter of fact, is concerned, it does not so clearly appear; the evidence is quite conflicting as to the manner in which the fence had been maintained in the past.   Evidently it had been maintained without conflict —by acquiescence, merely—and, as to the portions which each maintained, from the evidence, it would be very difficult to determine what exact portions were owned and maintained by either of these parties.   Under these circumstances, disputes arose, and this application was had, and the adjudication regularly made by the township committee, and as it appears, this point, it being the only one presented in the argument,

cannot at all be determined by the court, for the purpose of setting aside the determination of the township committee.

The township committee could make no award as a part of its adjudication of any damages to the other party, or award any money to the other because of any changes made by the division.

The fourth section of the statute provides that the place where any partition fence is, or shall be made, shall be equally divided, regard being had to the quantity of fence necessary, and other conveniences of fencing, and each party shall take an equal share of such fence to make or amend and maintain, so that it may be known which part thereof is his own, and if the parties cannot agree in making such division, then the township committee, having regard to these same circumstances, shall, "in the presence of the parties (if they will be present), make such division, and determine the part or share of such fence which each party is to make or amend and maintain; which determination shall be binding upon such parties, and the succeeding owners or occupiers of the same lands."

There is no evidence here that any agreement existed on the part of either owner to perpetually maintain this fence, nor had any perpetual easement been created by one in favor of the other (*Castner* v. *Riegel*, 25 *Vroom* 498), and the question to be submitted to the township committee was the single one of a just division of the fence to be made or amended and maintained by each party. The mere fact that one party claimed more of the fence as originally belonging to him, as theretofore made and amended by him, would not confer upon him the right if the making or amending and maintaining of one portion of that part was imposed upon the other party by the division, to have the value of the materials of that portion awarded to him by the township committee. The committee have only a statutory duty to perform, which affects the parties so far as making or amending and maintaining the fence by them after the determination of the township committee.

It is not shown that the committee acted upon any erroneous principles or that the division is unjust (*Ivins* v. *Ackerson,* 9 *Vroom* 220), and it being in conformity with the statute, the writ of *certiorari* must be dismissed, with costs.