JAMES VANNEST ET AL., APPELLEES, v. FREDERICK DEALAMAN, APPELLANT.

Argued June 3, 1913—Decided July 1, 1913.

Where a landowner is under the duty of erecting and maintaining a division line fence, and because of a neglect of that duty his neighbour's cattle wander upon his land and thereby suffer an injury which is the consequential result of the non-performance of that duty, an action therefor accrues to the owner of the cattle.

---

On appeal from the District Court, first judicial district Somerset county.

Before Justices SWAYZE and BERGEN.

For the appellees, *Frederick A. Pope.*

For the appellant, *Winfield S. Angleman* (*Swackhamer & Bird* on the brief).

The opinion of the court was delivered by

BERGEN, J. The case, as settled by the trial court, shows that the plaintiff and defendant are the owners of adjoining farm lands, separated by a partition fence, a portion of which it was the duty of defendant to erect and maintain; that defendant neglected to perform his duty in this regard, and because of the insufficiency of the fence, which the defendant was bound to maintain, a cow belonging to plaintiffs escaped from plaintiffs' land and wandered to that of the defendant, on which there was growing a crop of corn which was then green and unripe and likely to injure the cow, if it should eat an excessive quantity of it; that plaintiffs' cow did eat such a quantity as to cause its death.

The plaintiffs brought suit for the value of the cow, resting their right to a recovery upon the non-performance by the defendant of his duty to maintain a lawful partition fence. At the close of plaintiffs' case, and of the whole case, the defendant moved for a nonsuit, which was refused, and the plaintiffs having recovered judgment defendant appeals.

The only point argued by appellant is based upon the claim that the statute relating to the erection and maintenance of partition line fences affords no basis for this action, and in support of this contention insists that the plaintiffs would have had no remedy at the common law, being bound to keep their cattle on their premises, and as the statute relating to fences does not in terms make the defendant liable to the plaintiffs for any injury which their cattle may suffer from any neglect to comply with any duty imposed by the act relating to fences, the plaintiffs have no remedy for any injury to their cattle of the character suffered under the facts shown in this case. Assuming the common law rule respecting the protection of land by fences to be as broad as defendant insists, it has been modified in this state by a statute "which imposes on owners of lands lying adjacent, an obligation and duty to maintain each a just proportion of a division fence, except such persons as shall choose to let their adjoining lands lie vacant and open." *Castner* v. *Reigel,* 25 *Vroom* 498, 503.

This statutory duty imposes an obligation which did not exist under the common law, and where the willful neglect of such duty injures one entitled to the performance thereof by the wrong-doer, an action accrues to the injured party, although the statute may not declare the remedy.

As was said by Chancellor Walworth, in *Clark* v. *Brown*, 18 *Wend.* 212, 220: "So, also, if a new right is created by statute, and no remedy is prescribed for the party aggrieved by the violation of such right, the court, upon the principle of a liberal or comprehensive interpretation of the statute, will presume that it was the intention of the legislature to give to the party aggrieved a remedy by a common law action for the violation of his statutory right." The manifest purpose of the act relating to fences is to permit a beneficial use of land by its owners, and to relieve them from the necessity of guarding their cattle, except by means of lawful fences, from wandering therefrom, to the expense of which it is equitable and just that adjoining owners contribute. Where the land is subject to be fenced, the statute requires each of such owners, except where one chooses to let his land lie open and vacant, to build and maintain a proportion of the fence, and each is under a duty to the other to perform this obligation, and its violation deprives the injured party of the benefit of a duty which is not limited to the relief from the consequences of trespassing, which the statute accords to the landowner who is not in fault.

In *Rooth* v. *Wilson*, 1 *Barn. & Ald.* 59, the action was against the defendant for not repairing fences, the liability of the defendant to repair being admitted, whereby a horse of the plaintiff, through the insufficiencies of the fence, fell into defendant's close and was killed, and it was held that the plaintiff might recover, Mr. Justice Holroyd saying: "The plaintiff was entitled to the benefit of his field, not only for the use of his own cattle, but also for putting in the cattle of others; and by the negligence of the defendant in rendering the field unsafe, he is deprived in some degree of the means of exercising his right of using that field for either of those pur-

poses. Whether, therefore, the damage accrues to his own cattle or to the cattle of others, he still may maintain this action."

So, also, in *Powell* v. *Salisbury*, 2 *Younge & J.* 390, where the action was brought to recover damages for the killing of plaintiff's horse, which had escaped from his land to that of the defendant through a defect of fences which the defendant was bound to repair, the horse being killed by the falling down of a haystack of the defendant, the plaintiff was allowed to recover, it being admitted on the argument, apparently without question, "that he who is bound to repair a fence, and neglects to do so, is answerable for an injury arising from his default."

We are of opinion that where there is a duty imposed upon a landowner to erect and maintain a division line fence, and because of a neglect of that duty his neighbor's cattle wander upon his land, and thereby suffer an injury which is the consequential result of the non-performance of that duty, an action therefor accrues to the owner of the cattle. In *Clark* v. *Brown, supra,* the court said: "The statute is founded upon that great principle of natural equity, which requires each party who is to share in a common benefit to contribute his ratable proportion of the expense, and if, by reason of the neglect of the defendant to maintain his proportion of the division fence, according to the directions of the statute, his corn has been the means of destroying his neighbor's cattle, there is no good reason why he should not make compensation for the injury in the same manner as he would be bound to do if his cattle, in consequence of a similar neglect on his part, had followed their natural instinct and destroyed his neighbor's corn." This view appears to be sustained by the weight of authority. 19 *Cyc.* 488, and notes.

The appellant relies upon *Fales* v. *Cole*, 153 *Mass.* 322, but in that case the court refused to consider the extent of the duty which parties to a division fence owed to each other. and put the case alone upon the ground that it did not appear that the death of the animal was the proximate and nat-

ural consequence of the insufficiency of the fence. We are not required to pass upon the correctness of this conclusion, because it is not applicable to the present case. •

We are of opinion that this judgment should be affirmed, and it is so ordered.