Shelby McNAUGHTON, Wyatt McNaughton and Ferrell McNaughton, Appellants (Plaintiffs),

v.

Vernon SCHAFFER, Respondent (Defendant).

No. 22730.

Kansas City Court of Appeals.

Missouri.

June 2, 1958.

J. Dorr Ewing, Joe Beavers, Maryville, for appellants.

Harold M. Hull, Frank H. Strong, Maryville, for respondent.

CAVE, Judge.

This is an injunction suit whereby plaintiffs seek to prevent the defendant from repairing and maintaining a certain portion of a division fence. Plaintiffs owned an eighty acre tract on the west side of the fence, and defendant owned eighty acres on the east side thereof. The fence extended north and south for 160 rods, and at the time of this suit, both parties claimed to own and be obligated to maintain the north half of the fence.

To adjudicate the dispute, plaintiffs filed a petition in the circuit court, the pertinent part of which is to the effect that plaintiffs had continuously, from and since 1932, owned the eighty acres on the west side of the fence; that long prior to the time the defendant acquired the eighty acres on the east side of the fence, the plaintiffs and the prior owners of the tract now owned by the defendant, agreed upon a division fence and of the portion thereof to be maintained by the respective owners of the two tracts; that because of said agreement, plaintiffs did thereafter reconstruct, and for more than twenty years, have kept and maintained, the north half of the fence; that in pursuance of said agreement by the plaintiffs and defendant's predecessor in title, defendant's predecessor in title rebuilt the south half of the fence and maintained the same until the tract was sold to the defendant; that since the defendant purchased his tract, he has repaired and rebuilt a portion of the north half of the fence and claims the right to do so; and that the defendant has failed and refused to rebuild and maintain the south half of the fence in accordance with the agreement of the plaintiffs and defendant's predecessor in title. The prayer of the petition asks that the defendant be enjoined from repairing or rebuilding the north half of the fence, and that the court declare that the defendant is obligated to maintain the south half of the fence.

Defendant's answer admitted the ownership of the two tracts of land, but denied all other allegations of the petition. He further alleged that even if there was an oral agreement between plaintiffs and defendant's predecessors in title concerning the partition fence, that he had no notice thereof prior to the time he purchased his tract, and was not bound thereby. He also alleged that after he purchased his tract in 1952, he had repaired and maintained the north half of the fence; that after 1956, the plaintiffs had repaired and maintained the south half of the fence; that there is a dispute between the plaintiffs and defendant as to the part of the fence each shall have and keep in repair; that Section 272.090 RSMo 1949, V.A.M.S., provides the procedure to be followed by the parties in such a dispute; and that the plaintiffs have not followed such procedure, but should be required to do so.

The court made findings of fact and gave declarations of law. The pertinent facts found by the court are: that the fence in dispute is a division fence; that

by oral agreement the plaintiffs had maintained the north half of the fence and defendant's predecessors in title had maintained the south half thereof; that the defendant acquired his tract of land in 1952 and did not learn of such oral agreement until after he had purchased the same; and *that the plaintiffs are the owners of the south half of the fence and the defendant is the owner of the north half thereof.*

The declarations of law are: that the defendant is not bound by the oral agreement that existed between his predecessors in title and the plaintiffs and their predecessors in title; that the plaintiffs are not entitled to the equitable relief sought in their petition; and that "the plaintiffs and the defendant being the owners respectively of the south half and north half of the fence it is the duty of said parties to construct, maintain, build and repair said south and north halves respectively of said fence". The *judgment* entered is as follows: "It is therefore ordered, adjudged and decreed that the plaintiffs be and they are hereby denied the injunctive relief sought in their petition, and the costs are taxed against them".

Motion for new trial was overruled, and plaintiffs perfected their appeal.

The cause of action stated in plaintiffs' petition is founded on an alleged prior oral agreement concerning the portion of the fence to be constructed and maintained by the respective landowners and the record clearly indicates that the case was tried and decided on that theory.

It is unnecessary to detail the testimony. In substance, plaintiffs' evidence is that they purchased their tract in 1932; that at that time, a Mr. Bevard owned the tract immediately to the east and which is now owned by the defendant; that the plaintiffs and Bevard agreed to reconstruct and maintain the division fence; that the plaintiffs should be responsible for the north half and Bevard for the south half thereof; that the fence was so reconstructed; and that since that time the plaintiffs have maintained the north half and Bevard and his successors in title maintained the south half until 1952, when defendant purchased the Bevard tract.

The evidence also shows that shortly after the defendant purchased his tract, a dispute arose between the plaintiffs and defendant as to the portion of the fence to be maintained by each; both parties claimed the right to maintain the north half. Defendant testified that at the time he purchased his tract, his grantor told him that he was entitled to the north half of the fence, and admitted that he claimed that portion, and that he had made repairs thereon over the protests of the plaintiffs. He also testified that at the time he purchased his tract, he had no notice or knowledge of any prior agreement concerning the fence, or that the plaintiffs claimed the north half thereof. There is no evidence controverting this fact.

■ The fundamental question for decision is whether the oral agreement between the plaintiffs and defendant's predecessors in title to construct or reconstruct a division fence and the portion each should thereafter maintain is such a covenant as would run with the land and attach a burden thereon in the hands of a subsequent purchaser *without notice or acquiescence thereto.* This precise question was decided by this court in Kneale v. Price, 29 Mo.App. 227. The facts in that case are almost identical with those in the instant case. With reference to such an oral agreement, we said (231): "But, being a mere parol contract, it was not such an obligation as ran with the land, so as to attach the burden to the land in the hands of a subsequent purchaser by the mere act of purchase". We also held that if the subsequent purchaser had notice of the contract and thereafter acquiesced in and recognized it, he would be bound thereby. But there is no contention in the instant case that the defendant had knowledge of the agreement or recognized and acquiesced therein, because immediately after he pur-

chased his tract, he asserted his right to the north half of the fence, and refused to rec-. ognize the agreement.

In 36 C.J.S. Fences § 7, page 642, it is said: "An agreement between adjoining landowners with respect to a partition fence not constituting a covenant running with the land does not bind a successor in title without notice of the agreement, unless such successor in interest acquiesces therein, either expressly or by implication, * * *". Citing cases.

In 21 C.J.S. Covenants § 69, page 931, it is said: "However, a covenant running with the land for the erection and mainte-nance of fences cannot, it has been held, be created by a stipulation in a deed poll, nor by parol agreement, nor by mere usage; and hence the mere fact that adjoining landowners had long been accustomed jointly to maintain a partition fence would not constitute a covenant running with the land." Citing cases.

In 22 Am.Jur., Fences, page 526, it is said: "Although some authorities declare that an oral fencing agreement does not run with the land, and therefore is not bind-ing upon a grantee of one of the parties, it is held that an agreement by adjoining owners to maintain or to erect and main-tain each a definite portion of a partition fence is not required to be in writing and that an oral agreement of this kind is bind-ing until repudiated upon the parties and such of their successors in title as have notice, or when recognized and acted upon by those in privity with the parties thereto."

We think the weight of authority is that if adjoining landowners orally agree to construct a division fence and that each shall maintain a certain part thereof, and such agreement is executed, that it will be binding on the *parties thereto*, and on their successors in title who have notice thereof and acquiesce therein. The instant case does not fall within that category.

However, plaintiffs contend that the evi-dence is sufficient "to show a prescriptive fence agreement"; and that the court erred in not so finding. In support of this con-tention they cite Matthews v. McVay, Mo. App., 234 S.W.2d 983, 989; 36 C.J.S. Fences § 6, page 640; 22 Am.Jur., page 527, par. 19; Knox v. Tucker, 48 Me. 373, Ann.Cas.1917B, 1255. We do not be-lieve the petition was founded on such a theory, but if so, it will not aid plaintiffs under the facts. It is undisputed that there was an oral agreement of long standing concerning the division fence and there is no need to rely on the language quoted by plaintiffs from the Matthews case as fol-. lows (234 S.W.2d 989) : "A long and con-tinuous acquiescence and user raises the presumption of an agreement." The ques-tion of establishing a division fence by pre-scription was not the issue in that case. The court was discussing the type of fence that had been agreed upon. It does not hold that a division fence established by agreement, by statute, or by prescription, creates a covenant that will run with the land.

We have studied plaintiffs' citations, and many others, but do not consider them con-trolling under the facts in this case. There is some general language in Knox v. Tucker, 48 Me. 373, which tends to support plaintiffs' argument, but we think it is clearly out of line with the weight of au-thority.

An interesting discussion of this subject is found in Adams v. Van Alstyne, 25 N.Y. 232. The facts are somewhat similar to the instant case. The court said (236–237) : "Now a prescription supposes something originally adverse to the rights and inter-ests of the party who is to be concluded by acquiescence and lapse of time. * * * These former proprietors were each bound to maintain his just proportion of the divi-sion fence, and they could have been com-pelled to do so. * * * There was no acquiescence by either in any encroachment upon the rights of the other, and con-sequently neither can be said to have slept upon or waived their rights, or to have ac-quiesced in any infringement of them.

There is no ground for presuming a grant or covenant on the part of Hogeboom or his grantor, that the particular half of the line fence which they are shown to have maintained, *should be perpetually kept up at the cost of the owner of that part of his farm,* and so of the other part of the fence; * * * I am unable to see that lapse of time can have any just influence upon such a case as this. * * * There is no doubt but that it would be binding upon them while their respective possessions continued to be coterminous and where there was no other change of circumstances to make the division unequal or unjust. * * * **The** principle, that to establish a title by prescription, there must be some infringement or usurpation of the right of the party to be concluded, and an acquiescence therein for the required period, will be found well stated in the opinion of the court in Parker v. Foote, 19 Wend. 309, where several other cases of the same tendency are referred to."

■ We conclude that the trial court correctly held that the defendant "was not bound by the prior oral agreement"; that is, that the oral agreement was not a covenant running with the land; and that the plaintiffs were not entitled to injunctive relief on any theory. However, in its findings of fact and declarations of law, the court declared that "the plaintiffs are the owners of the south half of the division fence"; and that "the defendant is the owner of the north half of said division fence"; and that each should maintain their respective portions. We do not approve this finding and declaration, because there is no evidence or theory to support the court in attempting to assign to the respective parties the portion of the fence each should own and maintain. This for the reason that the trial court held, with which we agree, that the prior oral agreement was ineffective to establish the interest of the parties in and to the division fence; and since there was no valid agreement respecting the rights of the parties to the fence and its maintenance, the only other method of determining and settling such rights is provided by Section 272.090 RSMo 1949, V.A.M.S. This section provides that if adjoining landowners cannot agree as to the part of a division fence each shall have and keep in repair, either may apply to a magistrate who shall summon three disinterested householders of the township to designate the portion to be kept in repair by each of the interested parties. This proceeding has not been followed in the instant case. Such statutes are of ancient origin and most states have them. They are intended to provide a speedy and peaceful method of settling such disputes.

■ Plaintiffs' last contention is that the court erred in excluding certain proffered testimony. The substance of the offer is that at the time the plaintiffs purchased their tract, Bevard advised them that he and the prior owner of plaintiffs' tract had agreed as to the portion of the fence to be maintained; that is, that Bevard was to maintain the south half and the plaintiffs' predecessor was to maintain the north half; that the plaintiffs and Bevard agreed to continue in force that arrangement; and that such an arrangement was adhered to by the plaintiffs and Bevard and his successors in title until the defendant purchased the Bevard tract. Specifically, plaintiffs contend that this evidence was made admissible because defendant's counsel inquired into the matter when cross examining one of the plaintiffs. It is possible the cross-examination was sufficient to make the proffered testimony admissible. But we need not decide that question, because the proffered testimony was merely cumulative evidence in support of the court's finding that there was an oral agreement between the plaintiffs and defendant's predecessors in title relative to the construction and apportionment of the fence. There is really no dispute on that issue, but since we hold that such an oral agreement would not be binding on the defendant, it was not prejudicial error to reject the proffer.

It follows from what we have said that the judgment denying the plaintiffs injunc-

tive relief is affirmed, but the attempt of the trial court, in its findings of fact and conclusions of law, to designate the portion of the fence the plaintiffs and the defendant should own and maintain, is disapproved.

All concur.